UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In Re:

    David Allen Donlavage,                          Chapter 13
        Debtor                                        Case No: 08-17497-SSM
                                                                Adv. Proc No:

David Allen Donlavage,
        Plaintiff

v.

Bank of America, N.A.
        Defendant

## COMPLAINT TO DETERMINE
## SECURED STATUS AND AVOID LIEN

Comes now David A. Donlavage, Debtor, by counsel and says as follows:

1. Debtor is before the court as a Chapter 13 debtor in the above captioned case.

2. This complaint is filed under Bankruptcy Rule 7001 to determine the validity of a lien.

3. Jurisdiction lies with this court under 28 USC 151 and 28 USC 157 This is a core proceeding under 28 USC 157(b)(2).

4. Included in the Chapter 13 estate of this case is Debtor's real property identified as 19 Princess Street Stafford VA 22556, and more fully described as follows:

**Lot 68, Section IV (4), Eastern View, as the same appears duly dedicated, platted and recorded in Deed Book 587, Page 239, in Plat Book 15, Page 48 as instrument number 980004778 among the land records of Stafford County, Virginia.**

5. Said property is subject to a recorded Deed of Trust held by Defendant, Old Republic Insurance Company.

6. At the time the Chapter 13 petition was filed, said property was valued at $194,000.00. according to the Appraisal date November 30, 2008.

7. There exists one recorded Deed of Trust in favor of Wells Fargo Home Mortgage which is prior and superior to the Deed of Trust held by Defendant.

8. The amount owed to the holder of the prior first Deed of Trust is $245,197.97.

9. The secured value of the interest of said property for the purpose of Debtors' Chapter 13 is $1,844.03 and the excess amount of the claim shall be treated as unsecured for the purposes of this bankruptcy.

Wherefore, debtor prays for a judgment:

a. Declaring that Defendant, Bank of America, holds an unsecured claim;

b. Declaring that the Deed of Trust of Defendant, shall be null and void upon Debtor's discharge from Chapter 13.

c. Ordering Defendant, Bank of America to record a release of its Deed of Trust upon Debtor's discharge from Chapter 13.

Respectfully submitted,
David Donlavage,
by Counsel

Date: February 10, 2009

/s/ Klinette H. Kindred
Robert R. Weed VSB #24646
Klinette Kindred VSB #18000
Law Offices of Robert Weed
211 N. Union St., Suite100
Alexandria, VA 22314
(703)519-1215; (703)656-4976 Fax